## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LYNN M. LAVICTOR                   :          Civil No. 1:20-cv-0479
                                   :
     Petitioner,                   :
                                   :
     v.                            :
                                   :
Warden P. BARR.,                   :
                                   :
     Respondent.                   :          Judge Jennifer P. Wilson

## MEMORANDUM

### PROCEDURAL BACKGROUND

On December 4, 2019, Petitioner, Lynn M. LaVictor, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, initiated the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District Columbia.  (Doc. 1.)  By Order dated March 4, 2020, the action was transferred to the United States District Court for the Middle District of Pennsylvania, as the Columbia District Court lacked personal jurisdiction over the proper respondent.[1] LaVictor challenges a conviction and sentence imposed by the United States District Court for the Western District of Michigan, for seven counts related to

---

[1] The only proper respondent in a § 2241 habeas proceeding is the custodian of the prisoner, in this case, Warden Catricia Howard, the Warden of FCI-Allenwood. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Thus, the Clerk of Court is directed to amend the caption of this case to reflect that the proper respondent is Catricia Howard, FCI-Allenwood Warden.

sexual abuse and assault, including aggravated sexual abuse pursuant to 18 U.S.C. § 2241(a)(1). For relief, Petitioner seeks immediate release. (*Id*.)

Following an order to show cause, Doc. 5, Respondent filed a response on April 20, 2020. (Doc. 7.) Although provided an opportunity, LaVictor has filed neither a reply, nor a motion seeking an extension of time to do so. Accordingly, the petition is ripe for disposition. For the reasons that follow, the court will dismiss the petition for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

On December 8, 2014, following a jury trial, LaVictor was convicted in the United States District Court for the Western District of Michigan of five rape-related offenses and witness tampering. *See United States v. LaVictor*, No. 2:14-CR-00030 (W.D. Mi.).

On May 8, 2015, after pleading guilty to a seventh charge of contempt, LaVictor was sentenced to a concurrent 355-month term of imprisonment. *Id*.

On February 3, 2017, the United States Court of Appeals for the Sixth Circuit affirmed LaVictor's conviction, rejecting his counseled claims, which concerned the admission of expert testimony, the admission of testimony by two previous girlfriends of uncharged rapes, the admission of the grand jury transcript, and the overall sufficiency of evidence. *See United States v. LaVictor*, 848 F.3d 428 (6th Cir. 2017).

On June 25, 2018, the sentencing court denied LaVictor's motion to vacate pursuant to 28 U.S.C. § 2255, in which he argued that the sexual encounter was consensual, the jury did not include peer members of the Sault Saint Marie Reservation, ineffective assistance of counsel on appeal, arbitrary and capricious prosecution and a due process violation for conducting the trial on a weekend. *See United States v. LaVictor*, No. 2:14-CR-00030 (W.D. Mi.).

On December 4, 2019, LaVictor filed the instant action. (Doc. 1). He raises the following issues for review: (1) the United States President had not issued a "written presidential delegation order" granting presidential executive power to the US Attorney General, DOJ, etc. to initiate the criminal action against him, (Doc. 1 at 28-43); (2) the Government failed to prove beyond a reasonable doubt, criminal authority/jurisdiction to apply and enforce all federal laws subjecting him to investigation, indictment, etc., (*Id*. at 44-61); (3) the Government failed to prove beyond a reasonable doubt criminal authority/jurisdiction to subject him to detention, (*Id*. at 62-77); (4) the district judge had no authority to rely on case law to replace the Constitution, acts of Congress, and federal regulations as "controlling law" of the criminal action against him, (*Id*. at 78-104); and (5) the Government failed to overcome the presumption of his innocence, (*Id*. at 105-111).

## DISCUSSION

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. *In re Dorsainvil*, 119 F.3d 245, 249

(3d Cir. 1997).  A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion.  *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Here, Petitioner is clearly challenging his conviction and sentence.  Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. *See* section 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 ¶ 5; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).  A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention'."  *In re Dorsainvil*, 119 F.3d at 251-52; *Cagel v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966).  "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the

petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d at 1164, 1165 (3d Cir. 1971) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." *Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); *see In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997).

The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. *See Long*, 611 F. App'x at 55.  The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. *See In re Dorsainvil*, 119 F.3d at 251-52; *Cagel v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966).  "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *Long*, 611 F. App'x at 55; *see Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d at 1165.

However, as recognized in *Dorsainvil*, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. *Dorsainvil*, 119 F.3d at 251; *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an *Apprendi v. New Jersey*, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on *Apprendi. United State v. Kenney*, 391 F. App'x 169, 172 (3d Cir. 2010).  Sentencing claims "[do] not fall within the purview of the savings clause." *Adderly v. Zickefoose*, 459 F. App'x 73 (3d Cir. 2012); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, LaVictor attempts to challenge his underlying criminal conviction and sentence.  As discussed above, to proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  Petitioner has not met this burden.  He presents no reason as to why the claims raised in the instant petition could not have been presented in a § 2255 motion, or as grounds for a motion to file a second or successive petition. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction

non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion.  In fact, there is no indication that Petitioner has requested permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive § 2255 motion; a remedy that remains available to him.  However, even if Petitioner has, and has been denied, the denial of a second or successive petition does not make § 2255 relief inadequate or ineffective.  *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); *Long*, 611 F. App'x at 55 ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements.").

"The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Dusenbery v. Oddo*, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018).  Because LaVictor has failed to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under § 2241, the Court will dismiss his petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction.

## CONCLUSION

Based on the foregoing, LaVictor's petition for writ of habeas corpus will be dismissed for lack of jurisdiction.  Because Petitioner is not detained pursuant to a state court process, and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 22, 2020